GAS 245B       (Rev. 10/23) Judgment in a Criminal Case
DC Custody TSR

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| v. | |
| Maurice Lawrence | Case Number:   4:23CR00060-2 |
| | USM Number:   71085-510 |
| | William Dow Bonds |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to <u>a lesser included offense of Count 1</u>.

☐ pleaded nolo contendere to Count(s) _____ which was accepted by the court.

☐ was found guilty on Count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of this offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1) and (b)(1)(D) | Conspiracy to possess with intent to distribute, and to distribute, marihuana | July 11, 2023 | 1 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on Count(s) _____.

☐ Count(s) _____ of the _____ shall be dismissed as to this defendant on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and United States Attorney of material changes in economic circumstances.

July 30, 2024
Date of Imposition of Judgment

*/s/ R. Stan Baker*
Signature of Judge

R. Stan Baker, Chief Judge
United States District Court
Southern District of Georgia
Name and Title of Judge

August 6, 2024
Date

DEFENDANT: Maurice Lawrence  
CASE NUMBER: 4:23CR00060-2

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: <u>57 months</u>.

☒ The Court makes the following recommendations to the Bureau of Prisons:
It is recommended that the defendant be given credit toward this federal sentence for all time served in custody between August 1, 2023, and August 2, 2023, that is not credited toward another sentence. It is also recommended that the defendant be evaluated by Bureau of Prisons officials to establish his participation in an appropriate program of substance abuse treatment and counseling, including the Residential Drug Abuse Program (RDAP), during his term of incarceration. Lastly, it is recommended the defendant be designated to a Bureau of Prisons facility in Jesup, Georgia, or Estill, South Carolina.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____ ☐ a.m. ☐ p.m. on _____.

　　☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☒ before 2 p.m. on   Thursday, August 29, 2024  .

　　☐ as notified by the United States Marshal.

　　☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MARSHAL

　　　　　　　　　　　　　　　　　　　　　　By _____
　　　　　　　　　　　　　　　　　　　　　　　　　DEPUTY UNITED STATES MARSHAL

DEFENDANT: Maurice Lawrence
CASE NUMBER: 4:23CR00060-2

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of: 3 years.

# MANDATORY CONDITIONS

1. You must not commit another federal, state, or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests, thereafter, as determined by the court.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check, if applicable.)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: Maurice Lawrence
CASE NUMBER: 4:23CR00060-2

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as a nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting permission from the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified that person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provide me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

GAS 245B (Rev. 10/23) Judgment in a Criminal Case  
DC Custody TSR

Judgment — Page **5** of **8**

DEFENDANT: Maurice Lawrence  
CASE NUMBER: 4:23CR00060-2

## SPECIAL CONDITIONS OF SUPERVISION

1. You must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

2. You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3. You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. You shall not maintain more than one financial institution account or be a signor on a financial institution account without the prior approval of the probation officer.

5. You must pay the financial penalty in accordance with the Schedule of Payments sheet of this judgment. You must also notify the court of any changes in economic circumstances that might affect the ability to pay this financial penalty.

6. You must submit your person, property, house, residence, office, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

GAS 245B  (Rev. 10/23) Judgment in a Criminal Case
DC Custody TSR
Case 4:23-cr-00060-RSB-CLR   Document 216   Filed 08/06/24   Page 6 of 8
Judgment — Page **6** of **8**

DEFENDANT: Maurice Lawrence
CASE NUMBER: 4:23CR00060-2

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|  | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment** ** |
|---|---|---|---|---|---|
| **TOTALS** | $100 | N/A | $1,500 | N/A | N/A |

☐ The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** |  |  |  |

☐ Restitution amount ordered pursuant to plea agreement  $_____ .

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: Maurice Lawrence
CASE NUMBER: 4:23CR00060-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payment of $<u>100</u> is due immediately, balance due

    ☐ not later than _____ , or
    ☒ in accordance   ☐ C,   ☐ D,   ☐ E, or   ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

While in the custody of the Bureau of Prisons, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. Upon release from imprisonment and while on supervised release, the defendant shall make minimum monthly payments of $150 over a period of 10 months. Payments are to be made payable to the Clerk, United States District Court.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

DEFENDANT:      Maurice Lawrence  
CASE NUMBER:    4:23CR00060-2

# DENIAL OF FEDERAL BENEFITS
*(For Offenses Committed On or After November 18, 1988)*

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)**

    IT IS ORDERED that the defendant shall be:

☒ ineligible for all federal benefits for a period of     3 years    .

☐ ineligible for the following federal benefits for a period of _____ .
*(specify benefit(s))*

## OR

☐ Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

    IT IS ORDERED that the defendant shall:

☐ be ineligible for all federal benefits for a period of _____ .

☐ be ineligible for the following federal benefits for a period of _____ .
*(specify benefit(s))*

☐ successfully complete a drug testing and treatment program.

☐ perform community service, as specified in the probation and supervised release portion of this judgment.

☐ Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

**Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:**

    **U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**